CHAD C. SPRAKER
Assistant U.S. Attorney
PETER LEININGER
Special Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Emails:     Chad.Spraker@usdoj.gov
            Peter.Leininger@fda.hhs.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED

NOV 0 5 2014

Clerk, U.S. District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 14-27-BU-DLC |
|---|---|
| Plaintiff, | MOTION TO SEAL INDICTMENT AND STAY SUMMONSES |
| vs. | |
| CANADADRUGS.COM LTD. PARTNERSHIP, THORKELSON CONSULTING, LTD., 4208081 CANADA, LTD. ROCKLEY VENTURES, LTD., GLOBAL DRUG SUPPLY, LTD., RIVER EAST SUPPLIES, LTD., | (FILED UNDER SEAL) D. Mont. L.R. CR 55.1(b)(1) |

|  |  |
|---|---|
| **KRISTJAN THORKELSON,** **THOMAS HAUGHTON** **RONALD SIGURDSON,** **TROY NAKAMURA,** **DARREN CHALUS,** **NARINDER KAULDER,** **JIM TRUEMAN,** **RAM KAMATH,** **Defendants.** |  |

The United States of America, by and through Assistant U.S. Attorney Chad C. Spraker, hereby requests an order sealing the Indictment and related papers under this case number, including this motion. The United States also requests a stay in the Court's issuance of summonses for a period of six months. In support thereof, the government states as follows:

1. On November 5, 2014, a federal grand jury returned an Indictment charging the Defendants with smuggling, money laundering, and conspiracy. The Indictment focuses on the Defendants' participation in a criminal scheme to sell misbranded and non-FDA approved prescription drugs to physicians in the United States, including their role in the sale and distribution of counterfeit cancer medications in the United States.

2. Many of the Defendants are located in foreign jurisdictions, including Canada and the United Kingdom.

3. The Indictment includes a notice of forfeiture that identifies the following property located in foreign jurisdictions that is subject to forfeiture:

(a) $78,184,482 million in United States dollars;

(b) TD Canada Trust account no. XXXX-XXX4500, in the name of 4208081 CANADA LTD.;

(c) Royal Bank of Canada (Barbados) account no. XXX5231, in the name of ROCKLEY VENTURES, LTD.

(d) Lloyds TSB Bank, PLC, Nottingham, England, account no. XXXX8803, held by RIVER EAST.

(e) Royal Bank of Canada (Barbados) account no. XXX2089, held by GLOBAL DRUG SUPPLY.

4. Prior to return of the Indictment, the United States was engaged in settlement discussions in an attempt to resolve the criminal conduct at issue. This year, those settlement discussions reached an impasse. Shortly after settlement discussions reached an impasse, United States Attorney Cotter received an anonymous email stating that Kristjan Thorkelson and Thomas Haughton, two of the highest-ranking Defendants in the criminal enterprise, were dissipating their assets in an attempt to hide them from United States authorities.

5. The United States has prepared requests for assistance to the Canadian government, as well as the United Kingdom, pursuant to the applicable Mutual

Legal Assistance Treaties ("MLATs"). As a part of those MLATs, the United States is requesting a restraint of funds in the above-referenced bank accounts to increase the likelihood that the funds therein will be available at the time of trial. In order to support the restraint request, the United States is also filing a Motion for Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A). As soon as the restraining order is issued, the United States will serve the MLATs on the Central Authority for Canada and the United Kingdom. The United States will request that each Central Authority process the MLATs on an expedited basis.

6. The United States is concerned that if the Indictment is unsealed and the summons served before the foreign authorities have the opportunity to freeze the bank accounts, the Defendants will immediately and completely dissipate the assets in each listed account.

7. As a result, the United States is requesting that the Court seal the Indictment and stay summonses for a period of six months to allow for processing of the MLATs. *See* Fed. R. Crim. P. 6(e)(4); *see also United States v. Wright*, 343 F.3d 849, 858 (6th Cir. 2003) (noting that "any legitimate prosecutorial purpose or public interest may support the sealing of an indictment" and collecting cases noting the same). As an exception to the general sealing order, the United States requests leave to disclose the Indictment, through the U.S. Department of Justice,

Office of International Affairs, to the foreign governments assisting in the MLAT process.

8. The Speedy Trial Act clock does not begin to run until a defendant has appeared, 18 U.S.C. § 3161(c)(1), so statutory speedy trial rights are unaffected by the government's request for a delay in issuance of the summonses.

WHEREFORE, the United States respectfully requests the Court to seal Indictment and related papers under this case number with the exception that the United States may to disclose the Indictment, through the U.S. Department of Justice, Office of International Affairs, to the foreign governments assisting in the MLAT process. The United States also respectfully requests the Court to stay the issuance of summonses for a period of six months.

DATED this 5th day of November, 2014.

MICHAEL W. COTTER
United States Attorney

_____
Assistant U.S. Attorney
Attorney for United States

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. LR 7.1(d)(2) and CR 12.1(e), the Motion to Seal the Indictment and Stay Summonses is proportionately spaced, has a typeface of 14 points or more, and the body contains 708 words.

Assistant U.S. Attorney
Attorney for United States