IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>RAM KAMATH,<br><br>　　　　　　　Defendant. | CR 14–27–BU–DLC<br><br><br>ORDER |

Following the pretrial conference for defendant in the above-captioned matter held on May 13, 2015, **IT IS ORDERED**:

**1.**　　The following schedule will govern all pretrial procedures in this case:

- Trial Date[1]:　　　　　　　　**July 6, 2015; 9:00 a.m.**
  Mike Mansfield Federal Courthouse
  Butte, Montana

- Discovery deadline:　　　　　May 22, 2015

- Motions deadline (including
  motions in limine):　　　　　June 1, 2015

- Response deadline:　　　　　See ¶5

- Plea agreement deadline:　　June 25, 2015

---

[1]　　**Counsel shall appear in chambers a half hour before the scheduled trial time.**

1

- JERS deadline (*see* ¶ 20):        June 29, 2015

- Jury instructions and
  trial briefs deadline:        July 2, 2015

This schedule must be strictly adhered to by the parties.

To efficiently prepare for trial within the times set above,

**IT IS FURTHER ORDERED:**

2.      On or before the discovery deadline set above, the government shall, upon request of the attorneys for the defendants, provide to the defendant all discoverable materials specified in Federal Rule of Criminal Procedure 16(a).  The government shall make specific disclosure of its intent to use any statements or confessions made by the defendants.  If defendants question the admissibility of such statement or confession, the hearing required by *Jackson v. Denno*, 378 U.S. 368 (1964), shall be held at least ten (10) days prior to trial.

3.      Upon compliance by the government with the defendants' discovery request, defendants shall supply reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b).

4.      The parties are under a continuing duty of disclosure and discovery of materials set forth herein, pursuant to Federal Rule of Criminal Procedure 16(c). If **expert witnesses** are engaged, the parties shall fully comply with the

requirements of Rule 16(a)(1)(E) and Rule 16(b)(1)(C), respectively.

5. **Motions:** All pretrial motions, other than motions to enter a guilty plea, must be filed, along with a brief in support, on or before the motions deadline indicated above. A response brief is due fourteen (14) calendar days after the filing date of the motion. An optional reply brief may be filed within seven (7) calendar days of the filing date of the response brief. Parties not filing electronically must be served with any motion.

**Suppression Motions:** To facilitate hearings on suppression motions, the parties are **required** to submit supporting factual documentation with motions to suppress - *e.g.* affidavits, tapes, Miranda waiver forms, etc. Response briefs (and reply briefs, if submitted) should state **with particularity** the factual issues remaining in dispute for resolution at a suppression hearing.

6. **Hearings & Oral Arguments:** Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or trial.

7. All requests for service of subpoenas by the United States Marshal must be no later than twenty-one (21) days before trial. Except for good cause shown, service of subpoenas after said date is the responsibility of counsel. The provision of Federal Rule of Criminal Procedure 17 must be complied with before

any subpoena is issued.

8. **Calling witnesses at trial:** When a witness is called to testify at trial, counsel shall provide to the clerk of court **four (4) copies** of a single page document providing the following information about the witness: 1) the full name and current address of the witness; 2) whether the witness has given a statement (taped), a written statement, an interview with government agents (other than an AUSA), or grand jury testimony; 3) a brief description of the nature and substance of the witness's testimony; 4) a listing of each exhibit to which the witness may refer during direct examination. See Form J, Local Rules Appendix.

9. Any petition for a writ of habeas corpus for testimony or prosecution, along with a proposed order, must be filed no later than twenty-one (21) days prior to the trial date.

10. The United States shall submit a trial brief when it submits jury instructions. Defendants may submit a trial brief. All trial briefs shall include legal authority for the party's position on all legal and evidentiary issues. **All trial briefs must be filed with the Clerk of Court and served on the other parties.**

11. In the absence of a signed plea agreement by the date specified in paragraph #1, the Clerk of Court will order a jury. Except for good cause shown, no plea agreement will be considered by the Court thereafter. Late filing may

result in assessment of costs or the loss of the offense level reduction available pursuant to U.S.S.G. §3E1.1.  **Plea agreements shall state clearly whether they are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) or 11(c)(1)(C).**

12. Proposed *voir dire* questions shall be filed at the same time as proposed jury instructions.  A WordPerfect version of the questions shall also be e-mailed to dlc_propord@mtd.uscourts.gov.

13. **Verdict Form:**  The parties shall submit a joint proposed verdict form with the proposed jury instructions by the date indicated in Paragraph 1.  If parties are unable to agree on a verdict form, each party shall submit an individual proposed verdict form.

14. **JURY INSTRUCTIONS:**

   (a) The parties shall jointly prepare a set of jury instructions upon which they agree (proposed joint instructions).  These proposed jury instructions shall include all necessary stock criminal instructions.  If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions.  **No two instructions shall be submitted with the same number.**

(b) <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>:  By the date set forth in paragraph 1, any party filing electronically shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, to dlc_propord@mtd.uscourts.gov.

(c) <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to dlc_propord@mtd.uscourts.gov.

(d) <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) deliver to the Clerk of Court in the Division of venue one working

copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to dlc_propord@mtd.uscourts.gov.

15.  **FORMAT OF JURY INSTRUCTIONS**

    (a)  The **clean copy** shall contain

        1)  a heading reading "Instruction No. ___", and

        2)  the text of the instruction.

    (b)  The **working copy** shall contain

        (1)  a heading reading "Instruction No. __",

        (2)  the text of the instruction,

        (3)  the number of the proposed joint or supplemental instruction,

        (4)  the legal authority for the instruction, and

        (5)  the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

    (c)  Jury instructions shall be prepared in 14-point Times New Roman font.

**16.** The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**17.** All instructions shall be short, concise, and understandable and <u>neutral</u> statements of the law.  Argumentative instructions are improper, will not be given, and should not be submitted.  <u>The parties are strongly encouraged to submit proposed instructions taken from the current Manual of Model Criminal Jury Instructions for the Ninth Circuit</u>.

**18.** The parties should also note that any modifications of instructions from statutory authority, Ninth Circuit pattern instructions, or DeVitt and Blackmar (or any other form instructions), must specifically state modification made to the original form instruction and the authority supporting the modification.

**19.** **Exhibits:**  The United States shall use exhibit numbers 1-499 and defendants shall use 500 and up.  In no event shall two or more parties use identical exhibit numbers.  Exhibits are to be bound in a loose leaf binder with extended tabs and submitted to the Court immediately prior to trial.

**20.** **JERS:**  The parties shall be prepared to use the Jury Evidence Recording System (JERS).  JERS allows jurors to use a touch-screen to see the

evidence admitted at trial in the jury room during their deliberations. JERS is NOT designed to present evidence in the courtroom. Counsel are responsible for showing their own exhibits during trial. Detailed information about how to use JERS, including the proper naming convention and form of exhibits, is found on the Court's website, http://www.mtd.uscourts.gov/ under the heading "Attorneys." Parties must submit their exhibits in proper form to the Clerk's office no later than one week before trial.

21. **Trial Notebook:** If the case proceeds to trial, the United States shall prepare and submit a trial notebook at least three working days prior to the trial date set in ¶ 1 supra. The trial notebook shall include an index; the charging document; relevant statutes; parties' trial briefs, proposed voir dire, witness lists, exhibit lists, proposed jury instructions and verdict forms; and relevant orders entered in the case.

22. **Jury Lists:** Local Rule CR 55.1 requires the Clerk of Court to seal the list of all trial jurors and prospective jurors called for each criminal case immediately at the conclusion of trial. Such lists shall remain sealed unless otherwise ordered by the Court. All juror lists retained by defense counsel shall not be released to a defendant without express written Order of the Court, upon formal motion.

**23.     Failure to comply with any of the above requirements may subject the non-complying party and/or its attorneys to sanctions.**

DATED this 13th day of May, 2015.

_____
Dana L. Christensen, Chief District Judge
United States District Court