**CHAD C. SPRAKER**
Assistant U.S. Attorney
**PETER LEININGER**
Special Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Emails:  Chad.Spraker@usdoj.gov
         Peter.Leininger@fda.hhs.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**CANADADRUGS.COM LTD. PARTNERSHIP, THORKELSON CONSULTING, LTD., 4208081 CANADA, LTD. ROCKLEY VENTURES, LTD., GLOBAL DRUG SUPPLY, LTD., RIVER EAST SUPPLIES, LTD.,** | **CR 14- 27-BU-DLC**<br><br>**UNOPPOSED MOTION TO UNSEAL SUPERSEDING INDICTMENT**<br><br>**(FILED UNDER SEAL)**<br>**D. Mont. L.R. CR 55.1(b)(1)** |

**KRISTJAN THORKELSON,**
**THOMAS HAUGHTON**
**RONALD SIGURDSON,**
**TROY NAKAMURA,**
**DARREN CHALUS,**
**NARINDER KAULDER,**
**JIM TRUEMAN,**
**RAM KAMATH,**

      **Defendants.**

---

The United States of America, by and through Assistant U.S. Attorney Chad Spraker, hereby requests an order unsealing the papers in this case, with the exception of Documents 1 (the original Indictment), 2 (the Redacted Indictment), 36 (Motion to Unseal Indictment), 37 (Order Granting Motion to Unseal) and 38 (Motion to Redact Indictment). In support thereof, the government states as follows:

1.    On November 5, 2014, a federal grand jury returned an Indictment charging the Defendants with smuggling, money laundering, and conspiracy. The Indictment focuses on the Defendants' participation in a criminal scheme to sell misbranded and non-FDA approved prescription drugs to physicians in the United States, including their role in the sale and distribution of counterfeit cancer medications in the United States.

2. On November 5, 2014, pursuant to the government's request, this Court issued an order sealing the Indictment and related papers in this case and staying the proceedings for a period of six months.

3. On April 1, 2015, pursuant to the government's request, this Court issued an order unsealing the Indictment for the limited purpose of providing it to counsel for the Defendants. The order also directed the Clerk to issue summonses to the corporate Defendants in this matter (Canadadrugs.com Ltd. Partnership, Thorkelson Consulting, Ltd., 4208081 Canada, Ltd., Rockley Ventures, Ltd., Global Drug Supply, Ltd., and River East Supplies, Ltd.), as well as the sole Defendant residing in the United States, Ram Kamath.

4. Pursuant to the April 1, 2015 order, counsel for the government provided a copy of the Indictment to the attorneys representing the corporate Defendants and Defendant Thorkelson. Counsel for the government also requested that defense counsel provide the names of counsel for the other individual Defendants, for the purpose of providing copies of the Indictment to all Defendants, but to date, such information has not been provided to the government.

5. The summonses set the initial appearance for April 30, 2015. On April 30, 2015, Defendant Kamath made an appearance. None of the other Defendants appeared. Defendant Kamath's trial date is currently set for October 13, 2015.

6.     On July 17, 2015, the grand jury returned a Superseding Indictment in this case.

7.     As of this date, none of the foreign Defendants have made an appearance in this matter.  Since the foreign Defendants have not appeared and are not in custody, the papers related to this case, including the Superseding Indictment, are currently sealed under Local Rule 6.2.  If the foreign Defendants choose not to surrender to the jurisdiction of this Court, the case would, under a technical reading of Local Rule 6.2, remain sealed throughout the extradition process, which could be lengthy and will not be complete by Defendant Kamath's trial date.

8.     As a result, given the circumstances of this case, the Superseding Indictment and the related papers should be unsealed.  It is well established that the public has a First Amendment right to attend criminal trials and obtain access to criminal proceedings.  *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (explaining that "[u]nderlying the First Amendment right of access to criminal trials is the common understanding that a major purpose of that Amendment was to protect the free discussion of governmental affairs" (internal quotation marks omitted)).  The government's case against Defendant Kamath should not proceed under seal.

9.      However, the government believes that it would be appropriate for the original Indictment (Doc. 1), the Redacted Indictment (Doc. 2), the Motion to Unseal Indictment (Doc. 36), the Order Granting Motion to Unseal (Doc. 37), and the Motion to Redact (Doc. 38) to remain under seal for the reasons explained in the Motion to Redact.

10.     Pursuant to Local Rule CR 47.1, the United States contacted counsel for Ram Kamath, the sole defendant who has been arraigned, concerning the present motion.  Counsel for Kamath does not oppose the motion.

WHEREFORE, the United States respectfully requests the Court to unseal the Superseding Indictment and the papers related to this case.

DATED this 4th day of August, 2015.

MICHAEL W. COTTER
United States Attorney

CHAD C. SPRAKER
Assistant U.S. Attorney
Attorney for United States

# CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. LR 7.1(d)(2) and CR 12.1(e), the Motion to Seal the Indictment is proportionately spaced, has a typeface of 14 points or more, and the body contains 673 words.

CHAD C. SPRAKER
Assistant U.S. Attorney
Attorney for United States